# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TENIKA V SMITH,**

        **Plaintiff,**

**v.**                                            **Case No: 6:24-cv-884-CEM-DCI**

**WELLS FARGO BANK N.A.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint (Doc. 14)** |
| **FILED:** | **June 27, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    Background

    On May 10, 2024, Plaintiff, proceeding *pro se*, filed this action against Defendant alleging violations of the Truth in Lending Act (TILA) and several provisions of the Uniform Commercial Code (UCC). Doc. 1 (the Complaint). Although the factual allegations are sparse, it appears that the dispute concerns a retail installment contract for an automobile loan entered into between the parties. *Id.* at 5. Plaintiff alleges that without informing or gaining the consent of Plaintiff, Defendant initiated a securitization process that involved the sale of the loan note. *Id.*

On June 27, 2024, Defendant filed the instant Motion to Dismiss.  Doc. 14 (the Motion). To date, no response has been filed in opposition to the Motion and the time for doing so has passed—accordingly, the undersigned deems the Motion as unopposed.  *See* Local Rule 3.01(c).

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is not adequate to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555 (2007).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Id.*, and cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (2009).

Additionally, the Court must liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  A *pro se* pleading, however, must "still comply with procedural rules governing the proper form of pleadings," *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010), because the Court will not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

### III.    Discussion

Upon review of the Complaint, the undersigned finds several issues that warrant dismissal.

### A.  Standing

"Article III confines the federal judicial power to the resolution of 'Cases' or 'Controversies' in which a plaintiff has a 'personal stake.'" *TransUnion, LLC v. Ramirez¸* 594 U.S. 413, 423 (2021) (citing *Raines v. Byrd*, 521 U.S. 811, 819-20 (1997)).  To have Article III standing in federal court, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[C]ourts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

"In determining whether a harm is sufficiently concrete to qualify as an injury in fact, the Court in *Spokeo* said that Congress's views may be 'instructive.'" *TransUnion*, 594 U.S. at 425 (citing *Spokeo*, 578 U.S. at 341)). "Courts must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation." *Id*. at 425 (citing *Spokeo*, 578 U.S. at 340-41).  A plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 426 (citing *Spokeo*, 578 U.S. at 341). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341.

Here, other than a conclusory citation to TILA, Plaintiff fails to allege an injury that is "concrete and particularized" and "actual or imminent." Plaintiff fails to identify what material terms of the transaction were not disclosed. Plaintiff does not allege any facts as to the sale of the note, the assignment of the note, or the securitization of the note. *See generally* Doc. 1. Plaintiff's failure to allege these facts renders her allegations mere conclusions; likewise, her alleged damages are fundamentally abstract and not concrete as a matter of law. As can best be discerned, Plaintiff alleges that her injury is that she was not informed of the securitization process. *Id.* at 5. However, without more, the undersigned is unconvinced that Plaintiff has suffered an injury-in-fact for purposes of establishing Article III standing.

### B.  Violation of TILA

Although the Complaint is factually sparse, Plaintiff appears to allege that Defendant violated TILA when it initiated a securitization process without disclosure to Plaintiff. Doc. 1 at 5. Plaintiff states that "TILA, in conjunction with Regulation Z, imposes an obligation on creditors to disclose material terms and conditions of loans to consumers. The Defendant's non-disclosure of the securitization process is a violation of TILA, as established in Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 2015." *Id.*

As an initial matter, *Jesinoski* is not analogous to the present case. The issue in *Jesinoski* was whether a borrower exercises the right to rescind loans for up to three years after the action is consummated by providing written notice to his lender, or whether he must also file a lawsuit before the three-year period lapses. 574 U.S. 259, 260. Despite Plaintiff's citation to *Jesinoski*, that case has no relevance here where Plaintiff has made no claim concerning the recission of the loan. Without a more specific citation to a portion of *Jesinoski* that might be relevant to the present case, the undersigned is not persuaded that case has any effect here.

Further, Plaintiff makes no citation to any specific section of TILA and only states in a conclusory fashion that Defendant violated TILA by not disclosing the securitization process. Doc. 1 at 5.  Plaintiff cites no provision of TILA that requires a creditor to disclose purported securitization and cites no provision of TILA that would authorize a cause of action for such an alleged violation.  Without more, the undersigned is not persuaded that Plaintiff has stated a viable claim under TILA.[1]

### C.  UCC Violations

Plaintiff argues that:

UCC 3-301 stipulates that a person entitled to enforce an instrument is either the holder of the instrument, a nonholder in possession of the instrument who has the rights of the holder, or a person not in possession of the instrument who is entitled to enforce the instrument. In this case, the Defendant, by not including the note in the security interest and subsequently selling the note, is not the holder of the note. Therefore, the Defendant has forfeited its right to enforce the note under UCC 3-301, which results in nullifying the Plaintiff's obligation to pay the debt.

Doc. 1 at 5.

UCC 3-301 states in full:

"Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to ORS 73.0309 or 73.0418 (4). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Plaintiff's assertion that Defendant, by way of not being a holder of the note, has forfeited its right to enforce the note is beguiled by the plain text of UCC 3-301 that expressly provides that

---

[1] Similarly, Plaintiff's barebones inclusion of a reference to Regulation Z of TILA is insufficient. Regulation Z is a robust regulation that includes many provisions concerning a vast array of creditor-borrower relationships; without a more specific citation to the Regulation, the undersigned cannot determine if Plaintiff has stated a viable claim under the Regulation.  *See generally* 12 C.F.R. § 1026.

a nonholder may enforce the instrument. *See also* Official Comment to UCC 3-301 ("The definition recognizes that enforcement is not limited to holders."). Plaintiff's conclusory allegations regarding a supposed violation of UCC 3-301 are insufficient to move forward as a matter of law.

Further, Plaintiff alleges:

As per UCC 3-604, if an instrument is paid by a party obliged to pay the instrument and the party paying the instrument receives a conspicuous statement to the effect that the payment is in full satisfaction of the obligation, the effect of payment is discharge to the extent of the payment. In this case, by selling the note, the Defendant voluntarily discharged the Plaintiff's debt under UCC 3-604, absolving the Plaintiff of any liability under the note.

Doc. 1 at 5.

UCC 3-604 states in full:

(1) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument:

    (a) By an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument, cancellation or striking out of the party's signature, or the addition of words to the instrument indicating discharge; or
    (b) By agreeing not to sue or otherwise renouncing rights against the party by a signed writing.

(2) Cancellation or striking out of an indorsement pursuant to subsection (1) of this section does not affect the status and rights of a party derived from the indorsement.

Critically, neither selling nor the securitization of the note is a basis for discharge. Similar claims under UCC 3-604 have been rejected in this district. *See Corasmin v. Ally Financial*, 2023 WL 7408495, at *2 (M.D. Fla. Nov. 9, 2023) ("Although the Court is not entirely sure what to make of these claims, it is clear that [Plaintiff's] conclusions do not follow from a juxtaposition of the facts alleged and UCC § 3-301/§ 3-604. Nothing here indicates that the Contract was improperly assigned or that [Defendant] somehow discharged [Plaintiff's] obligations by

cancellation or renunciation."). Accordingly, Plaintiff does not state a viable claim under any provision of the UCC.

### IV.    Conclusion

A *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Here, the undersigned recommends that the Complaint be dismissed without prejudice and Plaintiff be given leave to amend her complaint to remedy the deficiencies noted in this Report.

Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 14) be **GRANTED** and the Complaint be **DISMISSED without prejudice**.

<u>**NOTICE TO PARTIES**</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 25, 2024.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE